AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT



for the

Eastern District of California

MAY 0 3 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

|  |  |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>USPS Express Mail Parcel, EB 961762907 US<br>addressed to "Bill Vanorden, 10264 Carriage Rd., Grass<br>Valley, CA 95949" | )<br>)<br>)<br>)<br>)<br>) | Case No.  2:13 - SW - 0300   KJN |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the _____EASTERN_____ District of _____CALIFORNIA_____ , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1); | Distribution and possession with intent to distribute a controlled substance; |
| 21 U.S.C. § 843(b); | Illegal use of the mails in furtherance of narcotic trafficking; and |
| 21 U.S.C. § 846 | Attempt and conspiracy to commit the foregoing offenses |

The application is based on these facts:

See Affidavit of Postal Inspector Roxanne LeMaire in Support of Search Warrant

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Roxanne LeMaire, Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

Date:    _____05/02/2013_____

_____
*Judge's signature*

City and state:  Sacramento, California

Hon. Kendall J. Newman, U.S. Magistrate Judge
*Printed name and title*

## Affidavit of Postal Inspector Roxanne LeMaire

I, Roxanne LeMaire, being duly sworn, hereby depose and state:

## Purpose

1.  This Affidavit is made in support of a search warrant for a:

     a.  USPS Express Mail Parcel, EB 961762907 US addressed to "Bill Vanorden,
         10264 Carriage Rd., Grass Valley, CA 95949" (hereinafter referred to as "**THE
         PARCEL**").

**THE PARCEL** is in the temporary custody of the United States Postal Inspection
Service ("USPIS") and is described more particularly in Attachment A, which is attached
hereto and fully incorporated herein. I believe there is probable cause to believe that
**THE PARCEL** contains evidence, fruits, proceeds, or instrumentalities of violations of
21 U.S.C. § 841(a)(1) (distribution, and possession with intent to distribute, a controlled
substance), 21 U.S.C. § 843(b) (illegal use of the mails in furtherance of narcotic
trafficking), and 21 U.S.C. § 846 (attempt and conspiracy to commit the foregoing
offenses). The evidence, fruits, and instrumentalities to be searched for and seized are
more fully described in Attachment B, which is attached hereto and incorporated fully
herein.

## Agent Background

2.  I have been a Postal Inspector since February 2006. I am currently assigned to the
    Sacramento Domicile, San Francisco Division, of the United States Postal Inspection
    Service. My current assignment is to investigate the unlawful transportation of
    contraband, including controlled substances and proceeds of the sale of controlled
    substances, through the United States Mail. I attended the United States Postal
    Inspection Service Basic Inspector Training in Potomac, Maryland. Additionally, I have
    completed a forty-hour Prohibited Mailings Narcotics training program through the
    United States Postal Inspection Service. Through my training, experience, and
    interaction with other experienced Postal Inspectors, Task Force Officers, and other drug
    investigators, I have become familiar with the methods employed by drug traffickers to
    smuggle, safeguard, store, transport, and distribute drugs; to collect and conceal drug-
    related proceeds; and to communicate with other participants to accomplish such
    objectives. I have received specialized training in narcotics investigation matters

including, but not limited to, drug interdiction, drug detection, money laundering techniques and schemes, and drug identification from the Postal Inspection Service.

3. I have participated in at least ten investigations targeting individuals and organizations trafficking heroin, cocaine, marijuana, methamphetamine, and other controlled substances. During the course of these ten investigations, I have become familiar with the manner in which drug traffickers use the mail to conduct their illegal operations. I have written at least 200 search warrants related to parcel interdiction efforts.

4. I am a "Federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search warrant.

5. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## Statement of Probable Cause

### A. Parcel Identification

6. On May 1, 2013, your affiant conducted an examination of mail parcels at the West Sacramento Plant and Distribution Center, located in West Sacramento, California. During a visual and physical examination of **THE PARCEL**, I noticed several anomalies that my training and experience have shown are characteristics of parcels containing controlled substances and/or proceeds of narcotics trafficking.

7. **THE PARCEL** was sent by Express Mail. Express Mail parcels are assigned a tracking number that allows the sender, recipient, or anyone else with the tracking number to identify the parcel's location in the mail stream.

8. A search for the return address on **THE PARCEL**, "Cliff Vanorden, 17 Mary St. Apt #3, Port Jervis, NY 12771" was conducted using Accurint, a database that law enforcement utilizes to verify names and addresses. That search did not find a person by the name of Cliff Vanorden. Based on my training, experience, and conversations with other law enforcement officers, I know that individuals trafficking controlled substances or proceeds from controlled substances will often use fictitious names, previous addresses, or abbreviations in names and addresses in an effort to remain anonymous.

2

9. A search for the recipient address on **THE PARCEL** "Bill Vanorden, 10264 Carriage Rd., Grass Valley, CA 95949" was conducted using Accurint, a database that law enforcement utilizes to verify names and addresses. The search did not find a person by the name of Bill Vanorden to be associated with the address. Based on my training, experience, and conversations with other law enforcement officers, I know that individuals trafficking controlled substances or proceeds from controlled substances will often use fictitious names, previous addresses, or abbreviations in names and addresses in an effort to remain anonymous.

10. **THE PARCEL** has a waiver of signature which appears to have been signed in the name Cliff Vanorden. A waiver of signature indicates that the sender wants the package to be delivered regardless of whether the recipient is home at the time of delivery. This tactic is sometimes used to prevent law enforcement from determining the actual identity of the parcel recipient.

11. **THE PARCEL** did not have any telephone numbers for the addressee or the sender listed on the mailing label, which prevents either party from being contacted.

**B.     Narcotic Detection Canine Sniff**

12. On May 1, 2013, Sacramento County Sheriff's Detective Chris Rogers utilized his narcotic-detection trained canine "Maya" to sniff **THE PARCEL**. At the time, **THE PARCEL** was located in the West Sacramento Plant and Distribution Center. **THE PARCEL** was placed on the plant floor among other postal equipment and parcels. At approximately 7:25 a.m., Detective Rogers led Maya to the general area where the parcel was located and removed her leash. Maya searched the area without being led and was able to wander and search the area alone while Detective Rogers stood outside the search area to observe Maya. When Maya came to the area where **THE PARCEL** was located, Detective Rogers related to me that Maya visibly and positively alerted and reacted consistent with the odor of narcotics or drug proceeds emanating from the package.

13. Detective Rogers has worked for the Sheriff's Department for over twenty-eight years and has trained both protection and narcotics canines for over seventeen years. Below is a true and correct summary provided by Detective Rogers which sets forth Maya's training and experience in detecting narcotics.

14. Maya is a six-year-old female yellow Labrador Retriever. She has been assigned to the Narcotics Investigation Division of the Sacramento County Sheriff's Department since August 2006. Maya has certified 100% proficient in five consecutive annual

certifications. She is certified in the detection of marijuana, heroin, methamphetamine, and cocaine by California Narcotic Canine Association evaluator Scott Blom and World Wide Canine Inc. master trainer Rob Hawkins. Maya was last certified on December 12, 2012. Since Maya's initial certification, she has completed over 1,000 hours of training. Maya's "alert" consists of physical and/or mental reactions which include a heightened emotional state, scratching, and/or biting at the location where the narcotic odor is emanating from. Maya is ball driven and will immediately look to her handler for the toy after scratching. Maya is involved in weekly training sessions where known controlled substances, containers, and/or paraphernalia are routinely hidden. Additionally, "proofing" exercises are conducted to ensure "Maya" does not alert to items such as: food, tape, baggies, gloves, plastic wrap, circulated, and non-circulated currency. Maya regularly trains in a variety of situations, including residential houses, office buildings, buses, vehicles, trains, planes, parcels, and suitcases.

15. Because Maya does not alert to the odor of money or other non-contaminated items and is frequently tested or "proofed" to ensure this, it is the opinion of Detective Rogers that her alert was based on the odor of a narcotic substance for which she is trained to detect. This odor, in residual form (billionths of a gram), is present on everyday circulated currency but not in the amount Maya has been trained to detect. Therefore, it is the opinion of Detective Rogers that based on Maya's positive alert, **THE PARCEL** contains drugs, paraphernalia, or currency that has been recently subjected to or stored with one of the narcotic substances Maya is trained to detect and is thus grossly contaminated.

## C.   Methods and Means of Using the United States Mail

16. Based on my experience, training, and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons use the United States Mail to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances and/or proceeds from controlled substances include, but are not limited to, the following:

   a. It is common practice for shippers of the controlled substances to use Express Mail and Priority Mail because the drugs arrive at the destination more quickly and on a predictable date. Express Mail and Priority Mail, when paired with a special service such as delivery confirmation, allow traffickers to monitor the progress of the shipment of controlled substances. Traffickers pay for the benefit of being able to confirm the delivery of the parcel by checking the Postal Service Internet website and/or calling the local post office.

4

b. Packages contained controlled substances or proceeds, in many instances, contain a fictitious return address, incomplete return address, no return address, a return address that is the same as the addressee address, or a return address that does not match the place from which the parcel was mailed. These packages are also sometimes addressed to or from a commercial mail receiving agency (e.g. Mail Boxes Etc.). A shipper may also mail the parcel containing controlled substances from an area different from the return address on the parcel because: (1) the return address is fictitious; and/or (2) the shipper is attempting to conceal the actual location from which the parcel was mailed. These practices are used by narcotics traffickers to hide from law enforcement officials the true identity of the persons shipping and/or receiving the controlled substances or proceeds.

c. Individuals involved in the trafficking of controlled substances through the United States Mail will send and receive Express or Priority mailings on a more frequent basis than a normal postal customer. Drug traffickers exhibit a higher rate of using Express Mail and Priority Mail due to their frequent exchanges of controlled substances and the proceeds from the sale of these controlled substances.

d. In order to conceal the distinctive smell of controlled substances from narcotics detection dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all seams. In addition, the parcels often contain other smaller parcels which are carefully sealed to prevent the escape of odors. Perfumes, coffee, dryer sheets, tobacco, or other substances with strong odors are also sometimes used to mask the odor of the controlled substances being shipped. Drug traffickers will often use heat/vacuum sealed plastic bags, and/or re-sealed cans in an attempt to prevent the escape of orders.

e. California is typically a source state for drugs, especially marijuana. It is common for individuals in California to mail parcels containing narcotics to other states and then receive mail parcels containing cash payments in return.

17. Based on my training and experience, I know that parcels shipped by drug traffickers sometimes contain information and documentation related to the sales and distribution of controlled substances. The documentation can include, but is not limited to, information and instructions on the breakdown and distribution of the controlled substances at the destination; information on the use and effects of the various controlled substances; information about the actual sender; pay/owe sheets; and information and instructions for ordering future controlled substances.

5

18. Drug traffickers who use the United States Mail and other carriers as a means of distributing controlled substances, paraphernalia, and proceeds, and as a means of communicating with co-conspirators often include the following in parcels relating to their trafficking activity, all of which are evidence, fruits, proceeds, and/or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846:

   a. Controlled substances, including heroin, cocaine, methamphetamine, and marijuana.

   b. Packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

   c. Records reflecting the mailing or receipt of packages through Express Mail, Priority Mail, Federal Express, UPS or any other common carrier.

   d. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including financial records related to the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

   e. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

   f. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

   g. Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.

6

## Conclusion

19. Based on the facts set forth in this Affidavit, I believe there is probable cause that evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846 are concealed in **THE PARCEL**. Accordingly, I respectfully request the issuance of a search warrant authorizing the search of **THE PARCEL** described in the Attachment A and the seizure of the items described in Attachment B.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

ROXANNE LeMAIRE
United States Postal Inspector

Sworn and Subscribed to me on May 2, 2013,

Hon. KENDALL J. NEWMAN
United States Magistrate Judge

Approved as to form:

JUSTIN L. LEE
Assistant United States Attorney

7

# ATTACHMENT A

### *Description of the Parcel to be Searched*

One USPS Express Mail Parcel, measuring approximately 15.5" x 12.5" x 3" weighing approximately 8 pounds, 7.8 ounces, sent via Express Mail with tracking number EB 961762907 US. **THE PARCEL** is addressed to "Bill Vanorden, 10264 Carriage Rd., Grass Valley, CA 95949" with a return address of "Cliff Vanorden, 17 Mary St., Apt #3, Port Jervis, NY 12771." **THE PARCEL** bears a postage validation imprinter ("PVI") strip dated Apr 30, 13, with meter number 00086873-05, mailed from zip code 12771, in the amount of $79.30 in the upper right hand corner of the envelope. The recipient address and the return address are hand-written in black ink.

**THE PARCEL** is currently in my possession in the Eastern District of California.

# ATTACHMENT B

### *List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 843(b), and 846.

1.    Controlled substances of any kind, including but not limited to heroin, cocaine, methamphetamine, and/or marijuana.

2.    Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor.

3.    Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carrier.

4.    United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500, including any and all financial records to facilitate the investigation of the laundering of illicitly obtained monies and/or other forms of assets, including United States currency acquired through the sales, trafficking, or distribution of controlled substances.

5.    Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed.

6.    Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities.

7.    Indicia or other forms of evidence showing dominion and control, or ownership of mail parcels, locations, vehicles, storage areas, safes, lock boxes, and/or containers related to the storage of controlled substances or proceeds.